# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
DAMARIS SHAFFER                       *
MILTENBERGER,                         *
                                      *        No. 17-1491V
                     Petitioner,      *        Special Master Christian J. Moran
                                      *
v.                                    *        Filed: December 19, 2019
                                      *
SECRETARY OF HEALTH                   *        Attorneys' Fees and Costs; Forum
AND HUMAN SERVICES,                   *        Rates; Local Rates
                                      *
                     Respondent.      *
* * * * * * * * * * * * * * * * * * * * *

John Leonard Shipley, Davis, CA, for Petitioner;
Lisa Ann Watts, United States Dep't of Justice, Washington, DC, for Respondent.

**PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On September 6, 2019, petitioner Damaris Shaffer Miltenberger moved for final attorneys' fees and costs. She is awarded **$59,574.75**.

\* \* \*

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Ms. Miltenberger filed her petition for compensation on October 10, 2017, alleging that the influenza ("flu") and Tetanus-diphtheria-acellular pertussis ("Tdap") vaccines she received on November 7, 2014, which are contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer Guillain-Barré syndrome and chronic inflammatory demyelinating polyneuropathy. *See* Pet., ECF No. 1. On July 29, 2019, the parties filed a stipulation for award, which the undersigned adopted as his Decision awarding compensation on August 6, 2019.

On September 6, 2019, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $61,582.20 and attorneys' costs of $1,735.45 for a total request of $63,317.65. Fees App. at 1. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Id. at 2. On September 16, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends that "the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner filed her reply on September 16, 2019, requesting an additional $280.00 in attorneys' fees for reviewing Respondent's response brief and preparation of the reply brief. Thus, the total amount requested is $63,597.65.

\*      \*      \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

2

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Under Avera, determination of an attorney's hourly rate is a three-step process. "First, the hourly rate in the attorneys' local area must be established. Second, the hourly rate for attorneys in Washington, DC must be established. Third, these two rates must be compared to determine whether there is a very significant difference in compensation." Masias v. Sec'y of Health & Human Servs., No. 99–697V, 2009 WL 1838979, at *4 (Fed. Cl. Spec. Mstr. June 12, 2009) (citing Avera, 515 F.3d at 1353 (Radar, J. concurring)), aff'd, 634 F.3d 1283 (Fed. Cir. 2011), corrected, 2013 WL 680760 (Fed. Cl. Spec. Mstr. Jan. 30, 2013).

Petitioner requests the following rates for the work of her attorney, Mr. John Shipley: $300.00 per hour for work performed in 2015, $320.00 per hour for work performed in 2016, $330.00 per hour for work performed in 2017, and $350.00 per hour for work performed in 2018-2019. This is Mr. Shipley's second case in the Vaccine Program and first case to consider the reasonableness of his requested hourly rates. Mr. Shipley is located in Davis, California, and the undersigned notes that it is presently undetermined as to whether attorneys who practice in Davis, California are entitled to forum or local rates. Indeed, this is noted by counsel in his affidavit, stating that he was not aware of any other attorneys in Davis or nearby Sacramento who have had cases in the Vaccine Program. Fees App Ex. 4 at 5. However, Mr. Shipley notes that special masters have regularly found attorneys who practice in California across various locales have typically been awarded forum rates, and thus requests forum rates for his work in the instant case. Id.

Accordingly, the undersigned must analyze whether Mr. Shipley is entitled to forum rates, and whether the requested rates are reasonable.

The local area and forum hourly rates are usually determined by finding a reasonable rate for one year, and then increasing it or decreasing it by an inflation factor. See Auch v. Sec'y of Health & Human Serv., No. 12–673V, 2016 WL 3944701, at *12 (Fed. Cl. Spec. Mstr. May 20, 2016) (discounting a 2015 hourly rate using the CPI inflation calculator); McErlean v. Sec'y of Health & Human Serv., No. 13–534V, 2016 WL 4575583, at *4–5 (Fed. Cl. Spec. Mstr. July 28, 2016). Therefore, the undersigned shall first determine Mr. Shipley's reasonable 2015 rate (the year Mr. Shipley began work in this case) and adjust the rate for subsequent years for inflation and experience.

1.      Mr. Shipley's Forum (Washington, DC) Hourly Rate


Mr. Shipley has been a member in good standing of the California bar since 2003, giving him twelve years of overall legal experience in 2015. Mr. Shipley's overall Vaccine Program experience, however, is extremely limited. Mr. Shipley notes that at the date of filing the instant motion for attorneys' fees, he has accepted five Vaccine Program cases. Fees App. Ex. 4 at 4. A search of CMECF indicates that Mr. Shipley is counsel of record in three cases, with the instant case being the first Vaccine Program case filed by Mr. Shipley.

The Office of Special Master Attorneys' Forum Hourly Rate Fee Schedule for 2015-2016 prescribes an hourly rate of $300-375 for attorneys with 11-19 years of experience. Given that Mr. Shipley had twelve overall years of experience in 2015 with no prior Vaccine Program experience, a rate at the lower boundary of this range would be reasonable. Accordingly, the undersigned finds that Mr. Shipley's 2015 forum rate is $300.00 per hour.

2.      Mr. Shipley's Local Hourly Rate


Next, the undersigned must determine Mr. Shipley's local hourly rate. Believing that Mr. Shipley is entitled to forum rates, Petitioner has not offered significant support for Mr. Shipley's local rate. Petitioner notes that in prior years, Mr. Shipley has billed between $200-$300 per hour at various law firms, and that attorneys who have similar experience to Mr. Shipley who represent public clients in administrative legal matters (as Mr. Shipley does presently) would typically charge $350-$500 per hour.

Given the sparse evidence provided by petitioner and respondent to support local hourly rates, the undersigned must look elsewhere for evidence. See Dougherty v. Sec'y of Health & Human Serv., No. 05–700V, 2011 WL 5357816 at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) ("When the parties do not provide reliable evidence, the court can look to other evidence to establish a reasonable hourly rate.") (citing Rupert ex rel. Rupert v. Sec'y of Health & Human Servs., 52 Fed.Cl. 684, 688–89 (Fed. Cl. 2002)). Factors to consider include Mr. Shipley's billing in other vaccine cases, special masters' attorneys' fees awards to Mr. Shipley in other vaccine cases, and awards to representative attorneys in the geographic area in which Mr. Shipley practices.

Unfortunately, there are no data points to consider in the first two categories. Although the instant case is the first Vaccine Program case filed by Mr. Shipley, he has had one other case resolve previously. In Bains v. Sec'y of Health & Human Servs., Mr. Shipley requested identical rates to those sought herein. However, the special master found that the petition lacked reasonable basis and denied the request for attorneys' fees, rendering moot the question of whether Mr. Shipley's rates were reasonable, or whether Mr. Shipley qualified for forum rates. See Bains v. Sec'y of Health & Human Servs., No. 18-1212, slip op. at 11 (Fed. Cl. Spec. Mstr. July 26, 2019). Therefore, the undersigned shall turn to a selection of cases from the District Court for the Eastern District of California, Sacramento Division, as it represents the closest federal district court to Mr. Shipley's locale.

In N.L. by Lemos v. Credit One Bank, N.A., 2019 WL 1428122 (E.D. Cal. Mar. 29, 2019), plaintiff prevailed on a claim brought pursuant to the Telephone Consumer Protection Act ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, California's state law fair debt collection practices act. The court found reasonable a rate of $350.00 per hour for an attorney barred 2012 and $400.00 per hour for an attorney barred in 2010.

In Munoz v. California Business Bureau, Inc., 2017 WL 3009210 (E.D. Cal. Jul. 14, 2017), plaintiff prevailed on a claim brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"). The court noted that the most common hourly rate awarded to attorneys in FDCPA cases was $250.00 per hour, with a maximum of $300-315 available for the most experienced attorneys. Accordingly, counsel (three attorneys with 4, 4, and 13 years of experience respectively) were all awarded $250.00 per hour for their work.

In Chapman v. Pier 1 Imports (U.S.), Inc., 2017 WL 999253 (E.D. Cal. Mar. 15, 2017), the court noted that for claims brought under the Americans With Disabilities Act ("ADA"), the prevailing Sacramento rate was $250-$300 per hour

and awarded counsel $300.00 per hour for partners and $200.00 per hour for associate attorneys.

In Cosby v. Autozone, Inc., 2016 WL 1626997 (E.D. Cal. Apr. 25, 2016), plaintiff prevailed on an action brought under the California Fair employment and Housing Act ("FEHA"). The court found that $450.00 per hour was a reasonable hourly rate for an attorney with 15 years of experience, and that $300.00 per hour was a reasonable rate for an attorney with 6 years of experience in employment and labor law.

In Orr v. California Highway Patrol, 2015 WL 9305021 (E.D. Cal. Dec. 22, 2015), plaintiff prevailed on a civil rights action brought pursuant to 42 U.S.C. § 1983. After noting that the case raised relatively straightforward issues and therefore was not overly complex, the court found that $400.00 per hour was reasonable for an attorney with 19 years of experience and that $175.00 per hour was a reasonable rate for an associate with six years of experience.

In Edwards v. City of Colfax, 2011 WL 572171 (E.D. Cal. Feb. 15, 2011), the court awarded attorneys' fees as a result of plaintiff's claim that defendant had breached the terms of a previously agreed upon settlement agreement stemming from a violation of the Clean Water Act. The court found that $375.00 per hour requested by an attorney from Davis, CA with 20 years of experience was reasonable.

Overall, the information relevant to determining a reasonable hourly rate for an attorney in Davis, California is wide, with no one data point providing a perfect analogy to Vaccine Program litigation. After weighing the different data points, the undersigned finds that $300.00 per hour would be a reasonable local hourly rate for Mr. Shipley. Because this rate is identical to a reasonable forum rate, the undersigned finds that there is not a substantial difference between the local rate and the forum rate. Thus, Mr. Shipley is entitled to forum rates and $300.00 per hour for the work for Mr. Shipley in 2015 is reasonable.

The next step is to determine reasonable hourly for the years subsequent to 2015. The Office of Special Masters has relied on the PPI-OL to adjust rates to reflect year-to-year changes in purchasing power for attorneys. See, e.g., Plevak v. Sec'y of Health & Human Servs., No. 15-1119V, 2019 WL 964126, at *5 (Fed. Cl. Spec. Mstr. Jan. 28, 2019); Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3989514, at n. 2 (Fed. Cl. Spec. Mstr. June 28, 2018). Application of the PPI-OL results in the following rates for Mr. Shipley (rounded to the nearest dollar):

- $300.00 per hour for work performed in 2015
- $303.00 per hour for work performed in 2016
- $307.00 per hour for work performed in 2017
- $317.00 per hour for work performed in 2018
- $330.00 per hour for work performed in 2019

Application of these rates results in a reduction from the requested attorneys' fees of **$4,022.90**.[2] Concerning the rates requested for paralegal work (Mr. Shipley does not utilize a paralegal and instead billed the paralegal tasks performed by him at paralegal rates), although the rates represent the highest possible rates for paralegals pursuant to the OSM fee schedules, because Mr. Shipley is an attorney performing these tasks it is expected that he would be able to perform them in a more efficient manner than an average paralegal. Accordingly, they are reasonable.

### B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review, the undersigned finds the number of hours to be reasonable. Counsel took care to delineate tasks as attorney, paralegal, or administrative, did not bill for administrative tasks, and provided sufficiently detailed description of his work which helped the undersigned assess the reasonableness. Accordingly, the number of hours billed is reasonable, and petitioner is awarded final attorneys' fees of **$57,839.30**.

### C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $1,735.45 in costs, comprised of acquiring medical records, the Court's filing fee, copying records, and travel to meet with petitioner. The undersigned has reviewed

---

[2] 2016: ($320.00 per hour requested - $303.00 awarded) * 0.5 hours = $8.50. 2017: ($330.00 per hour requested - $307.00 awarded) * 82.0 hours = $1,886.00. 2018: ($350.00 per hour requested - $317.00 awarded) * 56.8 hours = $1,874.40. 2019: ($350.00 per hour requested - $330.00 awarded) * 12.7 hours = $254.00

the requested costs and finds them to be reasonable and supported by adequate documentation. Accordingly, petitioner is entitled to the full amount of costs sought.

        E.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$59,574.75** (representing $57,839.30 in attorneys' fees and $1,735.45 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's attorney, Mr. John Shipley.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

        **IT IS SO ORDERED**.

                                        s/Christian J. Moran
                                        Christian J. Moran
                                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.